1
2
3
4
5
6
7

**PRICE LAW GROUP, APC**
Stuart M. Price (SBN 150439)
Stuart@pricelawgroup.com
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
T: (818) 907-2030
F: (818) 205-2730
Attorneys for Plaintiff,
David Melendez

8
9
10

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DAVID MELENDEZ,

       Plaintiff,

vs.

EQUIFAX INFORMATION
SERVICES, LLC & NATIONSTAR
MORTGAGE, LLC,

       Defendants.

Case No.:

**COMPLAINT FOR VIOLATIONS OF:**

**1. THE FAIR CREDIT REPORT ACT, § 15 U.S.C. 1681** *et seq.*; **and**

**2. THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.25**

**3. THE FAIR DEBT COLLECTION PRACTICES ACT, § 15 U.S.C. 1692**

**4. ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788** *et seq.*

**AND DEMAND FOR JURY TRIAL**

1

## **COMPLAINT**

### **INTRODUCTION**

1.  Plaintiff David Melendez ("Plaintiff"), by and through his attorneys, brings this action to secure redress from unlawful credit and collection practices engaged in by Defendants Equifax Information Services, LLC ("Equifax"), and Nationstar Mortgage, LLC ("Nationstar").  Specifically, Plaintiff alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"); the California Consumer Credit Reporting Agencies Act, CAL. CIV. CODE § 1785 *et seq.* ("CCCRA"); the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"); and the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788 *et seq*. ("RFDCPA").

### **VENUE AND JURISDICTION**

2.  Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1681(p), which states that such actions may be brought and heard before "any appropriate United States district court, without regard to the amount in controversy."  The Court has jurisdiction over the state law claims pursuant to 15 U.S.C. § 1367.

3.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the events described in this complaint took place within this district.

### **PARTIES**

4.  Plaintiff is a natural person who resides in the City of Whittier, County of Los Angeles, California.  Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681(a) and CAL. CIV. CODE § 1785.3(b).

5.  Defendant, Nationstar is a Delaware Corporation, who regularly transacts business within the state of California. Nationstar may be served at its statutory agent Corporation Service Company located at 2710 Gateway Oaks Dr. Ste

150N, Sacramento CA 95833. Nationstar is an entity which engaged in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b), and other sections of the FCRA.  Further, Defendant Nationstar is also a "debt collector" under the FDCPA, 15 U.S.C. § 1692a-(6), as well as the RFDCPA, CAL. CIV. CODE § 1788.2(c).

6.   Defendant, Equifax Information Solutions, LLC ("Equifax"), is a national corporation with its principal place of business located at 1550 Peachtree Street NW, Atlanta, Georgia, 30309.  At all relevant times herein, Defendant Equifax, was an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) and CAL. CIV. CODE § 1785.3(d).

7.   Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

8.   Plaintiff is informed and believes and on that basis alleges that Defendants are responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants, or as their agents, servants, employees, and that each of them are legally liable to Plaintiff, as set forth below.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9.   In or around of December of 2006 Plaintiff acquired a second mortgage from Bank of America ("BOA") in the amount of $85,000.00 on his property located

at 14010 Hawes Street, Whittier, CA 90605.  At the time Plaintiff acquired the second mortgage, BOA was the lender for his first mortgage as well.  In addition to the first and second mortgage, Plaintiff had a home equity line of credit ("HELOC") with Wells Fargo Bank NA ("Wells Fargo").

10. Plaintiff began to experience financial problems and was unable to keep up with his obligations.

11. On or about September 18, 2008, Plaintiff filed a chapter 13 bankruptcy petition, identified by case number 09-35269-nb.  At the time of Plaintiff's filing, he included within his petition, among his other debts, the BOA first and second mortgages and the HELOC with Wells Fargo.

12. On or about November 1, 2009, Plaintiff filed a motion before the bankruptcy court seeking relief from junior lienholders, which included BOA's second mortgage and the Wells Fargo HELOC.  The bankruptcy court granted the motion on or about November 29th, 2009 ("Order"), stripping both liens, declaring them null and void and to be treated as "wholly unsecured creditors."

13. Plaintiff, after making all required monthly installment payments as required under his plan, received a discharge on February 4, 2015, which included a discharge from the BOA second mortgage and the Wells Fargo HELOC.

14. Upon information and belief, Defendant Nationstar began servicing Plaintiff's BOA's first and second mortgages after he filed his bankruptcy and was in default.

15. On or about February 11, 2015, exactly one week after receiving his discharge, Plaintiff received a letter from Defendant Nationstar advising him that they are a debt collector and they are attempting to collect a past due balance of $33,938.56 from the date of default of 11/01/2009.

16. Shortly after receiving the February 11, 2015 letter from Nationstar, Plaintiff called to speak to a representative of Nationstar.  After the Plaintiff informed

the representative of his bankruptcy filing and the discharge of his liability, the representative insisted that the debt was still owed.

17. On or about April 28, 2015, Plaintiff faxed Defendant Nationstar the Order, along with proof of the February 4, 2015 discharge.

18. Defendant Nationstar ignored Plaintiff's communications and he has been receiving statements from March of 2015 to the present from Defendant Nationstar attempting to collect the alleged past due balance.

19. On or about November 4, 2015 Plaintiff pulled his credit report and discovered that Defendant Nationstar was furnishing inaccurate information relating to the mortgage that was discharged in bankruptcy to all three credit reporting agencies, which includes Defendant Equifax.

20. On or about February 23, 2016 Plaintiff sent dispute letters regarding Nationstar's inaccurate reporting to Defendant Equifax, Experian Information Solutions, and TransUnion, LLC.

21. On or about March 6, 2016 Plaintiff received a response to his dispute from Experian Information Solutions updating his credit report to properly reflect the Nationstar account.

22. On or About March 24, 2016 Plaintiff received a response to his dispute from Equifax stating that they verified that the account belongs to him and continued to erroneously report a past due balance in the amount of $40,646.00.

23. On or about March 28, 2016 Plaintiff received a response to his dispute from TransUnion, LLC updating his credit report by properly deleting the Nationstar trade line from his credit report.

24. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation.

25. As a result of Defendants' conduct, Plaintiff has suffered extreme emotional distress and mental anguish.

## COUNT I – FIRST CLAIM FOR RELIEF
**DEFENDANT NATIONSTAR VIOLATED THE FAIR
CREDIT REPORTING ACT, (FCRA), 15 U.S.C. § 1681 *et seq.***

26. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

27. The FCRA requires a furnisher such as Nationstar, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

28. Within the last two years, Defendant Nationstar provided inaccurate information to the credit reporting agencies.

29. Within the past two years, Plaintiff notified Experian, Equifax, and Transunion and Nationstar that Plaintiff's reports concerning Nationstar were inaccurate. Thereafter, the credit reporting agencies notified Nationstar that Plaintiff was disputing the information it had furnished to the credit reporting agencies.

30. Nationstar violated 15 U.S.C. §§ 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b);

    a. willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

    b. willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Nationstar;

c.   willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

d.   willfully and negligently failing to report the status of the inaccurate information to all credit reporting agencies;

e.   willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

f.   willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies;

g.   willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff's account to credit reporting agencies; and

h.   willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

31.   In attempting to collect the aforementioned alleged debt, the Defendants, by and through their agents and employees, violated the provisions of the Fair Credit Reporting Act by furnishing information on the Plaintiff to one or more consumer reporting agency although Defendant knew, or consciously avoided knowing, that the information was inaccurate.

32.   Nationstar's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendants are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. § 1681n.

## COUNT II – SECOND CLAIM FOR RELIEF
### DEFENDANT EQUIFAX VIOLATED THE FAIR CREDIT REPORTING ACT, (FCRA), 15 U.S.C. § 1681 *et seq.*

33.  Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

34.  The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consume notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i(a)(l)(A).

35.  The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 USC § 1681i(a)(2) (A). In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

36.  Within the two years preceding the filing of this complaint, Plaintiff notified Defendant Equifax of an inaccuracy contained in its reports and asked it to correct the inaccuracy.

37.  Defendant Equifax failed to conduct a reasonable reinvestigation of the inaccuracies that Plaintiff disputed.

38.  Defendants Equifax failed to review and consider all relevant information submitted by Plaintiff.

39. The Defendant Equifax failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, information and file, in violation of 15 U.S.C. § 1681e(b).

40. As a result of the above-described violations of 15 U.S.C. § §1681i and 1681e(b), Plaintiff has sustained damages.

41. Defendant Equifax's violations of the FCRA were willful and therefore Plaintiff is therefore entitled to also seek statutory and punitive damages.

## COUNT III – THIRD CLAIM FOR RELIEF
### DEFENDANT NATIONSTAR VIOLATED THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, (CCCRA), CAL. CIV. CODE § 1785.25 *et seq.*

42. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

43. California Civil Code § 1785.25(a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

44. California Civil Code § 1785.25(b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

45. California Civil Code § 1785.25(c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

46. Defendant Nationstar negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

47. Based on the violations of Civil Code § 1785.25(a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## COUNT IV – FOURTH CLAIM FOR RELIEF
## DEFENDANT EQUIFAX VIOLATED THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, (CCCRA), CAL. CIV. CODE §§1785.25

48. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

49. California Civil Code § 1785.16(a) states that if the completeness or accuracy of any item of information contained in a credit file is disputed by the consumer, the consumer credit reporting agency shall, within a reasonable period of time, reinvestigate the disputed information within thirty days of the notice of the dispute. Subsection (a) further states that the consumer reporting agency shall, within five business days, notify the person who provided the information of the dispute.

50. California Civil Code § 1785.16(b) states that in conducting the reinvestigation, the consumer reporting agency shall review and consider all information submitted by the consumer. Furthermore, if the disputed information is found to be inaccurate, the consumer reporting agency shall add, correct, or delete that information from the consumer's file.

51. California Civil Code § 1785.16(d) states that a consumer reporting agency shall provide written notice to the consumer of the results of its reinvestigation within five days of completing the reinvestigation.

52. California Civil Code § 1785.16(g) states that the consumer reporting agency shall clearly note that the information is disputed by the consumer.

53. Defendant Equifax willfully and negligently violated the CCCRA when IT continued to report inaccurate information on Plaintiff's credit report after Plaintiff disputed the information. Defendant failed to conduct a reasonable reinvestigation of the disputed information as required by § 1785.16(a).

54. When the Plaintiff disputed the information and Defendant Equifax did not make changes to Plaintiff's credit report, Defendant Equifax willfully and negligently violated the CCCRA when they failed to clearly note on subsequent credit reports that the information on the Nationstar account was being disputed by Plaintiff as required by § 1785.16(g).

55. Based on these violations of California Civil Code § 1785.16, Plaintiff is entitled to the remedies afforded by California Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## COUNT V
### DEFENDANT NATIONSTAR VIOLATED THE FAIR DEBT COLLECTION PRACTES ACT (FDCPA), 15 U.S.C. § 1692

56. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

57. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated the FDCPA by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

(i) Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

(ii) Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

(iii) Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

58. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

59. As a result of the foregoing violations of the FDCPA, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated the FDCPA, actual damages, statutory damages, and attorney's fees and costs.

## COUNT VI – SIXTH CLAIM FOR RELIEF
## DEFENDANT NATIONSTAR VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, (RFDCPA), CAL. CIV. CODE § 1788 *et. seq.*

60. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

61. California Civil Code § 1788.10(f) states that a debt collector may not make a threat to take any action against debtor which is prohibited by the RFDCPA.

62. California Civil Code § 1788.13(e) states that a debt collector may not make a false representation that the consumer debt may be increased by the addition of service fees, finance charges, or other charges if, in fact, such fees or charges may not legally be added to the obligation.

63. California Civil Code § 1788.17 states that every debt collector collecting or attempting to collect a consumer debt shall comply with the FDCPA, 15 U.S.C. § 1692b-j, inclusive, and shall be subject to the remedies of § 1692k therein.

64. Defendant Nationstar willfully and knowingly violated the RFDCPA when it violated the FDCPA as described in Count V of this Complaint.

65. Defendant Nationstar willfully and knowingly violated the RFDCPA when it sent statements to Plaintiff in an attempt to collect money from Plaintiff despite the fact that Plaintiff does not owe any obligation to Nationstar.

66. Defendant Nationstar willfully and knowingly violated the RFDCPA when it statements to Plaintiff stating that Plaintiff was past due on his payments.

67. Defendant Nationstar's acts were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

68. As a result of the foregoing violations of the RFDCPA, Defendant Nationstar is liable to Plaintiff under CAL. CIV. CODE § 1788.30 for actual damages, statutory damages, and attorney's fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

      A.  Actual damages;

      B.  Statutory damages;

      C.  Punitive damages;

      D.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o, 1785.31(a)(1), 1692k and 1788.30(c); and

      E.  Such other and further relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DAVID MELENDEZ, demands trial by jury in this action.

RESPECTFULLY SUBMITTED,
**PRICE LAW GROUP, APC**

Dated: <u>April 13, 2016</u>          By: <u>*/s/ Stuart Price*</u>
                                      Stuart Price
                                      Attorney for Plaintiff,
                                      David Melendez