**PRICE LAW GROUP, APC**
Stuart M. Price (SBN 150439)
stuart@pricelawgroup.com
15760 Ventura Blvd., Suite 800
Encino, CA 91436
T: (818) 907-2030
F: (818) 205-2730
Attorneys for Plaintiff,
David Melendez

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| DAVID MELENDEZ,<br><br>Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC & NATIONSTAR MORTGAGE, LLC,<br><br>Defendants. | Case No.: 2:16-cv-02557-PA(SSx)<br><br>**JOINT PROPOSED CASE MANAGEMENT PLAN** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Plaintiff David Melendez ("Plaintiff"), by and through counsel Stuart M. Price, and Defendants Equifax Information Services, LLC; and Nationstar Mortgage, LLC (collectively "Defendants"), by and through their respective Counsel, hereby submit the proposed case management plan.

//

//

1. **The Parties Who Attended The Rule 26(F) Meeting And Assisted In Developing The Case Management Report.**

The parties who attended the Rule 26(f) meeting were Tarek Chami for Plaintiff, Thomas P. Quinn, Jr., for Defendant Equifax Information Services, LLC ("Equifax), and Rachel C. Zwernemann for Defendant Nationstar Mortgage, LLC ("Nationstar").

2. **A Short Statement Of The Nature Of The Case (3 Pages Or Less), Including A Description Of Each Claim And Defense.**

**Plaintiff's Statement:**

In December of 2006 Plaintiff acquired a second mortgage from Bank of America ("BOA") in the amount of $85,000.00. On September 18, 2008, Plaintiff filed a chapter 13 bankruptcy petition and included the BOA's second mortgage. Plaintiff filed a motion before the bankruptcy court seeking relief from junior lienholders, which included BOA's second mortgage. The bankruptcy court granted the Plaintiff's motion by stripping the liens and declaring them null and to be treated as unsecured creditors. On February 4, 2015 Plaintiff received a received a discharge. One week after Plaintiff received his discharged, Defendant Nationstar began sending Plaintiff communications alleging that there was a past due balance that pertained to the BOA second mortgage. Plaintiff attempted to resolve this matter by faxing Defendant Nationstar documentation of his bankruptcy and the bankruptcy court's order stripping the lien. Defendant Nationstar ignored the communication and continued to send statements to Plaintiff reflecting a past due balance. Plaintiff subsequently learned that Defendant Nationstar was reporting the account to the three major consumer reporting agencies, Trans Union, Experian, and Equifax. On February 23, 2016 Plaintiff sent dispute letters to all

three consumer reporting agencies, which resulted in Trans Union and Experian correcting Plaintiff's credit report and Defendant Equifax maintaining the inaccurate Natiostar account.

Plaintiff brings a claim against Defendants Nationstar and Equifax under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the California Consumer Credit Reporting Agencies Act ("CCCRAA"), Cal. Civ. Code § 1785.25 for furnishing inaccurate information to consumer reporting agencies and for failing to conduct a reasonable investigation into the accuracy of the credit information Plaintiff disputed.  Plaintiff also brings a claim against Defendant Nationstar Mortgage, LLC under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.,* for using false, deceptive, or misleading representations of a debt, and for making a false representation as to the character, amount, or legal status of a debt.

**<u>Defendant Nationstar Mortgage's Statement:</u>**

Plaintiff claims that Defendant Nationstar Mortgage LLC ("Nationstar") continued attempts to collect and furnish data to the credit bureaus regarding his second mortgage after he received discharge in Bankruptcy and avoided the second mortgage lien.  Plaintiff alleges violations of the following statutes in his Complaint: (1) The Fair Credit Reporting Act - § 15 U.S.C. 1681 *et seq.*, (2) The California Consumer Credit Reporting Agencies Act - Cal. Civ. Code § 1785.25, (3) The Fair Debt Collection Practices Act - § 15 U.S.C. 1692, and (4) Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq*.  Nationstar continues to investigate the allegations in Plaintiff's Complaint and denies any liability under the aforementioned statutes.  Nationstar believes facts will be developed to show that Nationstar did

properly and reasonably investigate any dispute raised by Plaintiff or via the Credit Reporting Agencies regarding Plaintiff's second mortgage account. Even if there is found to be an error in servicing or reporting of the account, any such occurrence would be considered an unintentional bona fide error. Further, Plaintiffs claims may be barred by the applicable statute of limitations. Plaintiff's claims under the FDCPA may also fail because the FDCPA typically excludes mortgage servicers like Nationstar from the definition of a debt collector under the statute.

### 3.    A description of the principal factual and legal disputes in the case.

The Parties are in dispute over the alleged violations of the FCRA, 15 U.S.C. § 1681, and the CCCRAA, Cal. Civ. Code § 1785.25 due to the reporting of the Nationstar Mortgage account by Defendant Equifax Information Services on Plaintiff's credit reports. The Parties are also in dispute over the accuracy of Defendants reporting of Plaintiff's Nationstar Mortgage account. Furthermore, the Parties are in dispute over the alleged violations of the FDCPA, 15 U.S.C. §1692, and the RFDCPA, Cal. Civ. Code § 1788 *et seq.* due to Nationstar's attempts to collect money from Plaintiff, which Plaintiff alleges he does not owe to Defendant Nationstar.

**Defendant Nationstar:**

In addition to the disputes listed above by Plaintiff, the Plaintiff and Nationstar are also in dispute regarding the damages claimed by Plaintiff and the maximum amount of monetary damages that could be awarded to Plaintiff in the event that he was to prevail on the Complaint.

### 4.    The Jurisdictional Basis For The Case, Describing The Basis For The Jurisdiction And Citing Specific Jurisdictional Statutes.

1.    The District Court has federal question jurisdiction over these claims pursuant to 15 USC § 1681; 28 U.S.C. § 1331.

2. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the alleged claim occurred in this District. Because Defendants transact business here, personal jurisdiction is established.

**5. Any Parties Which Have Not Been Served And An Explanation Of Why They Have Not Been Served, And Any Parties Which Have Been Served But Have Not Answered Or Otherwise Appeared.**

None.

**6. A Statement Of Whether Any Party Expects To Add Additional Parties To The Case Or Otherwise To Amend Pleadings.**

Neither are expected to occur.

**7. A listing of contemplated motions and statement of the issues to be decided by these motions.**

**Plaintiff:**

Plaintiff anticipates filing a Motion for Summary Judgment against all Defendants as to liability.

**Defendant Nationstar:**

Defendant Nationstar does not anticipate filing any motions at this time.

**8. Whether the case is suitable for reference to arbitration or a United States Magistrate Judge for trial.**

The Parties do not agree that this case is suitable for reference to arbitration. The parties do not recommend or consent to reference of this case to a Magistrate Judge for trial.

9. **The Status Of Related Cases Pending Before Other Courts Or Other Judges In This Court.**

None.

10. **Whether the Parties have exchanged initial disclosure statements under Rule 26(a)**

The parties are in the process of exchanging initial disclosures and will have done so by July 6, 2016.

11. **Discovery Limitations**

The Parties propose compliance with the federal rules as to discovery.

12. **Proposed deadlines/specific dates for each of the following**

   a. Good faith and Settlement Discussion deadline – November 4, 2016

   b. Fact Discovery deadline – February 3, 2017

   c. Plaintiff Expert Disclosures deadline – March 3, 2017

   e. Defendant Expert Disclosures deadline – April 7, 2017

   f. Rebuttal Disclosures deadline – April 21, 2017

   g. Expert Deposition deadline – June 2, 2017

   h. Filing Dispositive Motions deadline – July 7, 2017

   i. Trial to begin on or after – November 13, 2017

13. **Whether A Jury Trial Has Been Requested And Whether The Request For A Jury Trial Is Contested.**

A jury trial has been requested

//

**14.     Trial:**

It is expected that the trial will last not more than 5 days.

**15.     Settlement**

Parties have had preliminary settlement discussions but have not been able to resolve their disputes.

**16.     ADR Selection**

**Plaintiff:**

Plaintiff is undecided on whether mediation is necessary at the moment. Plaintiff will inform the Court if Plaintiff decides to utilize the Courts Mediation Program.

**Defendant Nationstar:**

Defendant Nationstar recommends ADR Procedure No. 2.

**17.     Additional Matters**

**Plaintiff**

None at this time.

**Defendant Nationstar:**

None at this time.

RESPECTFULLY SUBMITTED,

Dated: July 1, 2016          **PRICE LAW GROUP, APC**

By:/s/ *Stuart M. Price*
Stuart M. Price, Esq. (SBN150439)
*Attorney for Plaintiff*
*DAVID MELENDEZ*

Dated: July 1, 2016                    **GREEN & HALL, LLP**

*/s/* Rachel C. Zwernemann
Rachel C. Zwernemann (SBN 286515)
*Attorneys for Defendant*
*NATIONSTAR MORTGAGE LLC*

### CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

/s/ Florence Lirato